UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

SARAI MACK, ON BEHALF OF
HERSELF AND ALL OTHERS
SIMILARLY SITUATED,

        CASE NO.: 0:14-cv-61672

    Plaintiffs,

vs.

PANERA, LLC, A FOREIGN
PROFIT CORPORATION,

    Defendant.
_____/

### AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SARAI MACK ("MACK" or "Plaintiff"), by and through her undersigned counsel, sues the Defendant, PANERA, LLC ("PANERA" or "Defendant"), a Foreign Profit Corporation, and alleges the following:

### THE PARTIES

1. Defendant is a foreign For Profit Corporation, with its principal offices in Missouri, and at all times material to this lawsuit, conducted and continues to conduct substantial and regular business throughout Florida including and operating numerous bakery-cafes including multiple bakery-cafes in Broward County, Florida.

2. "As of April 30, 2014, [Defendant operates] 1,800 bakery-cafes in 45 states and in Ontario Canada . . . delivering fresh, authentic artisan bread served in a warm environment by engaging associates." www.panerabread.com.

3. Plaintiff applied for employment with PANERA in approximately May 2012, using Panera's online application process which is, and was, available to potential job applicants from any computer terminal having online access across the United States, and

more specifically, in Broward County, Florida.

4. During the application process, Plaintiff electronically executed an online background check disclosure and authorization form permitting Defendant to obtain a consumer report.

5. Plaintiff ultimately was hired by Panera in May 2012, and still works for Defendant in its Bronx, New York, location. Plaintiff brings this Class Action on behalf of herself and a nationwide class, defined as all employees or prospective employees of Defendant in the United States, who completed Defendant's background check disclosure and authorization forms allowing Defendant to obtain a consumer report (the "Class") at any time during the period beginning five (5) years(the "Class Period") prior to the filing of this Complaint and ending on the date as determined by the Court who were provided a disclosure regarding the possibility of obtaining a consumer report that was not in compliance with the requirements of the FCRA.

## JURISDICTION AND VENUE

6. The Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 as they arise under 15 U.S.C. §1681 et seq.

7. Venue is proper because Defendant: (a) is subject to personal jurisdiction in this District and therefore resides in this District; (b) maintains offices and facilities in this District; and (c) Defendant committed the illegal conduct complained of with regard to Class members in this District.

## NATURE OF THE ACTION

8. The Fair Credit Reporting Act 15 U.S.C. §1681, *et. seq.* ("FCRA") provides individuals with a number of rights. Specifically, pertaining to employment-related background checks, the FCRA provides that a prospective employee must give valid

consent to the background check. The FCRA requires a signed authorization and disclosure from the applicant, sometimes referred to as a "consent form." The authorization and disclosure form must be executed and signed by the applicant prior to an employer requesting or conducting a background check. **Importantly, no extraneous information can be attached or included on the consent form. The authorization and disclosure must stand alone.**

9. In violation of 15 U.S.C. §1681b(b)(2)(A)(i), Defendant has unlawfully inserted extraneous language into forms purporting to give Defendant the authority to obtain and use consumer report information for employment purposes. Specifically, Defendant incorporates additional language such as explaining "at-will" employment, and requiring additional disclosures to be made by the applicant, that are unrelated to the "consumer reports" that were, and are being authorized for use in employment decisions. *See* Exhibit A.

10. The FCRA prohibits the practice articulated in Paragraph 8, above, and requires that forms granting the authority to access and use consumer report information for employment purposes **be stand alone forms, and not include any additional information, language, or agreements.**

11. Defendant's decision to include at-will and disclaimer provisions in its authorization forms is contrary to the plain language of the FCRA and FTC advisory memoranda explaining that the FCRA is violated when a consumer report disclosure does not consist "solely" of the disclosure that a consumer report may be obtained for employment purposes.

12. In violation of 15 U.S.C. §1681b(b)(2)(A)(ii), Defendant has obtained consumer reports without proper authorization, because the authorization and disclosure

3

form signed by Plaintiff, and other Class members, failed to comply with the requirements of the FCRA. The inclusion of additional language into the authorization forms invalidates the purported consent requirements, and also triggers statutory damages under the FCRA in the amount of up to $1,000 for each applicant that Defendant obtained a consumer report regarding, without a facially valid authorization, as well as punitive damages, equitable relief, and attorneys' fees and costs.

## FACTUAL ALLEGATIONS

13. Plaintiff originally submitted an online application for work with Defendant in approximately May 2012. In connection with her employment application, Plaintiff completed Defendant's standard application materials. These application materials included a background check disclosure and authorization form, included among other language.

14. Nowhere in these materials, however, did Defendant use the terms "consumer report."

15. Nowhere in these materials did Defendant provide a stand-alone background check disclosure and authorization form, that solely included the appropriate disclosures or authorizations under the FCRA.

16. The only arguable background check disclosure and authorization form provided by Defendant to Plaintiff included additional language regarding at-will employment, information regarding hours of work, and a disclaimer.

17. The inclusion of the additional language articulated above included in the background check disclosure and authorization form violates the FCRA, 15 U.S.C. §1681, *et. seq.*

18. Following Plaintiff's submission of the online application, Defendant, upon information and belief, procured a consumer report regarding Plaintiff's education,

4

employment experience, criminal conviction records, and all other "statements made on this application."

19.  Plaintiff and the other Class members are unaware of the specific date that Defendant's FCRA violations occurred. To determine same, one of Plaintiff's counsel, Jeffrey Gottlieb, send Defendant's Chief Human Resources Officer a letter dated July 10, 2014, requesting a copy of Plaintiff's background report, but has not received a response to date.

20.  Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless: (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured, or caused to be procured, *in a document that consists solely of the disclosure,* that a consumer report may be obtained for employment purposes; and (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i) the procurement of the report." 15 U.S.C. §§1681b(b)(2)A(i)-(ii)(emphasis added).

21.  Although the disclosure required by clause (i) and the authorization required by clause (ii) may be combined in a single document, the FTC has warned that the "form should not contain any extraneous information."

22.  By including the additional information/language referenced above in its background check disclosure and authorization form, Defendant willfully disregarded the FTC's regulatory guidance and violated the FCRA.

## THE CLASS

23.  Plaintiff brings this Class Action Complaint pursuant to Rule 23(b)(2) and/or (3) of the Federal Rules of Civil Procedure, on behalf of defined as all employees or

5

prospective employees of Defendant in the United States, who completed Defendant's background check disclosure and authorization forms allowing Defendant to obtain a consumer report at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court who were provided a disclosure regarding the possibility of obtaining a consumer report that was not in compliance with the requirements of the FCRA.

24. To the extent equitable tolling operates to toll claims by the Class against Defendant, the Class Period should be adjusted accordingly.

25. Defendant, as a matter of corporate policy, practice and procedure, and in violation of the FCRA, intentionally, knowingly, and willfully, engaged in a practice whereby Defendant uniformly, unlawfully, and deceptively instituted a practice of obtaining consumer reports without valid authorization to do so.

26. Defendant acted in deliberate or reckless disregard of its obligations and the rights of applicants and employees, including Plaintiff and Class members making its conduct willful.

27. Defendant's willful conduct is reflected by, among other things, the following facts: (a) Defendant is a large company with access to legal advice through its own general counsel's office and outside employment counsel; (b) Defendant included a purported authorization to perform background checks in its employment application which, although defective, evidences Defendant's awareness of, and willful failure to follow, the governing laws concerning such authorizations; (c) the plain language of the FCRA unambiguously indicates that inclusion of additional language and disclaimers in a disclosure form violates the disclosure and authorization requirements; and (d) the FTC's express statements, both pre, concurrent with, and post Defendant's conduct, which state

that inclusion of additional language and disclaimers in the documents at issue, violate the FCRA.

28. Defendant has utilized these illegal authorization forms repeatedly over the last five (5) years to thousands of job applicants, despite the FCRA's clear requirements, further demonstrating the willful nature of its conduct.

29. The Class is so numerous that joinder of all Class members is impractical.

30. Defendant uniformly violated the rights of the Class by violating the FCRA by unlawfully, unfairly, and/or deceptively having in place, company policies, practices, and procedures that uniformly obtained consumer reports on prospective employees, without first obtaining valid authorization consent forms.

31. Common questions of law and fact exist as to members of the Class, including, but not limited to, the following:

(a) Whether Defendant required Class members to sign a background check disclosure and authorization form;

(b) Whether Defendant required Class members to sign a background check disclosure and authorization form that complied with the FCRA;

(c) Whether Defendant violated the FCRA by including improper and additional language including disclaimers in its background check disclosure and authorization form;

(d) Whether Defendant violated the FCRA by procuring consumer report information based on invalid authorizations;

(e) Whether Defendant's violations of the FCRA were willful;

(f) The proper measure of statutory and/or punitive damages;

(g) The proper form of injunctive and/or declaratory relief; and

    (h) The amount of attorneys' fees and costs to which Plaintiff's counsel is entitled.

32. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Rules 23(b)(2) and/or (3) of the Federal Rules of Civil Procedure, in that:

    (a) The persons who compromise the Class are so numerous, that the joinder of all such persons is impractical, and the disposition of their claims as a class will benefit the parties and the Court;

    (b) Nearly all factual, legal, statutory, and declaratory relief issues raised in this Complaint are common to the Class, and will apply uniformly to every member of the Class;

    (c) The claims of the representative Plaintiff are typical of the claims of each member of the Class. Plaintiff, like all potential and putative Class members, had a consumer report obtained on her behalf by Defendant, prior to obtaining valid authorization to do so in violation of the FCRA as described above. Plaintiff and the Class members were, and are, similarly or identically harmed by the same, unlawful, deceptive, repetitive, unfair, and pervasive pattern of misconduct engaged in by Defendant;

    (d) The representative Plaintiff will fairly and adequately represent and protect the interest of the Class, and has retained counsel who are experienced and competent in Class action litigation. There are no material conflicts between the representative Plaintiff and the members of the Class that would make Class certification inappropriate. Counsel

for the Class will vigorously assert the claims of all employees in the Class.

33. In addition to meeting the statutory prerequisites to a Class Action, this case is properly maintained as a Class Action pursuant to Rule 23(b)(2) and/or (3) of the Federal Rules of Civil Procedure, in that:

(a) Without class certification and determination of declaratory, statutory, and other legal questions within the class format, prosecution of separate actions by individual members of the Class will create the risk of: (1) inconsistent or varying adjudications with respect to individual members of the Class which would create incompatible standards of conduct for the parties opposing the Class; and (2) adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other Class members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b) The parties opposing the Class have acted or refused to act on grounds generally applicable to the Class, making appropriate Class wide relief with respect to the Class as a whole.

(c) Common questions of law and fact exist as to the members of the Class, with respect to the practices and violations of the FCRA as listed above, and predominate over any question affecting only individual Class members, and a Class Action is superior to other methods for the fair and efficient adjudication of the controversy including consideration of:

(1) The interests of the Class in individually controlling the prosecution

9

or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual Class members when compared to the substantial expense and burden of individual prosecution of this litigation;

(2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of: (a) inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant; and/or (b) adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

(3) In the context of employment litigation because as a practical matter, a substantial number of Class members will avoid asserting their legal rights out of fear of retaliation by Defendant, which may adversely affect an individual's job with Defendant or a subsequent employer, the Class Action is the only means to assert their claims through a representative; and

(4) A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation, because class treatment will obviate the need for unduly and unnecessarily duplicative litigation that is likely to result in the absence of certification of this Action pursuant to Rules 23(b)(2) and/or (3) of the Federal Rules of Civil Procedure.

34. This Court should permit this Action to be maintained as a Class Action pursuant to Rule 23(b)(2) and/or (3) of the Federal Rules of Civil Procedure because:

   (a) The questions of law and fact common to the Class predominate over any question affecting only individual Class members because Defendant's employment practices were uniform and systematically applied to the Class;

   (b) A Class Action is a superior method to any other available method for the reasons stated above;

   (c) The members of the Class are so numerous;

   (d) The efficiencies of Class Action litigation outweigh the litigation of individual cases in this matter;

   (e) There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations complained of, and in obtaining adequate compensation for same;

   (f) There a community of interest in ensuring that the combined assets of Defendant are sufficient to adequately compensate the members of the Class for the injuries sustained;

   (g) Defendant acted uniformly with respect to its violations of the FCRA regarding all Class members;

   (h) The Class members are readily ascertainable from the business records of Defendant, based on the Class definition;

   (i) Class treatment provides a manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of the FCRA claims in this case.

35. Defendant maintains records and data to identify all of the putative class members in this case.

## COUNT I:

### FOR FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA UNDER 15 U.S.C. §1681b(b)(2)(A)(i), *et. seq.*

36. Plaintiff realleges and adopts the allegations contained in Paragraphs 1-35 as if fully set forth in this Count.

37. Defendant violated 15 U.S.C. §1681b(b)(2)(A)(i) of the FCRA by including additional disclaimers and language in its background check disclosure and authorization form that Plaintiff and other Class members were required to execute as a condition of employment with Defendant.

38. Defendant's violations of the FCRA in this regard were willful. Defendant knew that its background check and disclosure and authorization form should not include extraneous information prohibited by the FCRA, and acted in deliberate disregard of the FCRA, and the rights of Plaintiff and the Class.

39. Plaintiff and the Class members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. §1681n(a)(1)(A).

40. Plaintiff and the Class members are entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

41. Plaintiff and the Class members are entitled to recovery of their attorneys' fees and costs incurred as a result of these violations, pursuant to 15 U.S.C. §1681n(a)(3).

## COUNT II:

### FOR FAILURE TO OBTAIN PROPER AUTHORIZATION IN VIOLATION OF THE FCRA UNDER 15 U.S.C. §1681b(b)(2)(A)(ii), et. seq.

42. Plaintiff realleges and adopts the allegations contained in Paragraphs 1-35 as if fully set forth in this Count.

43. Defendant violated 15 U.S.C. §1681b(b)(2)(A)(ii) of the FCRA procuring consumer reports regarding Plaintiff and Class members without proper authorization.

44. Defendant's violations of the FCRA in this regard were willful. Defendant knew that its background check and disclosure and authorization form should not include extraneous information prohibited by the FCRA, and acted in deliberate disregard of the FCRA, and the rights of Plaintiff and the Class.

45. Plaintiff and the Class members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. §1681n(a)(1)(A).

46. Plaintiff and the Class members are entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

47. Plaintiff and the Class members are entitled to recovery of their attorneys' fees and costs incurred as a result of these violations, pursuant to 15 U.S.C. §1681n(a)(3).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Class Members prays that this Court will:

    (a) Certify the First and Second Causes of Action asserted by the Class as a Class Action pursuant to Rules 23(b)(2) and/or (3);

    (b) Name Plaintiff and the Representative Plaintiff for the Class, and naming the undersigned as Class Counsel for Plaintiff and the Class;

    (c) Determine and enter Judgment that Defendant willfully violated the

    FCRA by improperly including extraneous disclaimers and language in its background check disclosure and authorization form, and by using such improper forms to obtain consumer reports without valid permission to do so;

(d) Enter an award of statutory damages to Plaintiff and the Class members in an amount equal to $1,000 for Plaintiff and each Class members affected by Defendant's willful violation of the FCRA;

(e) Award punitive damages to Plaintiff and Class members pursuant to the FCRA;

(f) Award costs of suit and reasonable attorneys' fees to Plaintiff and Class members pursuant to the FCRA; and

(g) Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 23rd day of July 2014.

        **/s/ RICHARD CELLER**
        Richard Celler, Esquire
        Florida Bar No. 0173370
        RICHARD CELLER LEGAL, P.A.
        7450 Griffin Road, Suite 230
        Davie, Florida 33314
        Telephone:  (866) 344-9243
        Facsimile:   (954) 337-2771
        E-mail: richard@floridaovertimelawyer.com

        Counsel for Plaintiffs

        **/s JEFFREY GOTTLIEB**
        Jeffrey M. Gottlieb (to be admitted pro hac)
        (JG-7905)
        /s **DANA GOTTLIEB**
        Dana Gottlieb (to be admitted pro hac)

(DG-6151)
150 E. 18th Street , Suite PHR
New York, New York 10003
Telephone: (212)228-9795
Facsimile: (212) 982-6284
Email: NYJG@aol.com
Email:  Danalgottlieb@aol.com


Co-Counsel for Plaintiffs